CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
1/30/2025
LAURA A. AUSTIN, CLERK
BY: s/K. Lokey
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 5:22-cr-00003 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| CHARLES JOSEPH HOOD ) | Chief United States District Judge |

## MEMORANDUM OPINION

Pending before the court is Charles Joseph Hood's pro se motion for relief pursuant to 28 U.S.C. § 2255. (Dkt. No. 59.) The United States has responded and also moves to dismiss the § 2255 motion. (Dkt. No. 66.) Hood filed a response in opposition to the motion to dismiss (Dkt. No. 68), which the court also has considered. In his motion, Hood contends that his counsel was constitutionally ineffective because she failed to ask the court to run his federal sentence concurrent with his anticipated state probation violation sentence. For the reasons set forth below, the court concludes that he is not entitled to an evidentiary hearing or any relief under § 2255. Thus, the court will deny Hood's § 2255 motion and decline to issue a certificate of appealability.

I.  BACKGROUND

**A. State Charges and Sentencing**

In 2017, Hood was found guilty in Rockingham County Circuit Court of two charges in two different cases. In the first, he received a three-year sentence, all suspended, for his conviction for being a prisoner in possession of a Schedule III controlled substance. *Commonwealth v. Hood*, Case No. CR17-618. In the second, he received a seven-year sentence, with all but five years suspended, for grand larceny. *Commonwealth v. Hood*, Case No. CR17-619. The court also imposed a two-year term of supervised probation on each count, to run concurrently. *Id.*

In 2021, after serving that two-year active sentence and being on probation, Hood returned to Rockingham County Circuit Court for a probation violation hearing. He admitted guilt, and the

court found him in violation of his supervised probation, revoked his probation, and sentenced him to a resuspended 3 years on CR17-618, and a resuspended 5 years on CR17-619, as well as a one-year term of supervised probation.

On the same day as his hearing, Hood initially failed to report for a court-ordered drug test. After being directed to report for testing by his probation officer and showing up late, he tested positive for controlled substances, including methamphetamine. Weeks after that hearing, on January 26, 2021, he was arrested on three counts of selling/distributing a schedule III controlled substance and charges were filed in the Rockingham County General District Court. These arrests, coupled with two failed drug tests, led Hood's probation officer to file a "Major Violation Report." (Major Violation Report, Dkt. No. 66-1.)[1] Before that probation violation hearing was held, Hood was charged with additional offenses—providing a fraudulent urine sample and failing to appear. (Major Violation Addendum, Dkt. No. 66-1, at 3–9.) He also had multiple failed drug and alcohol screenings and regularly failed to report to his probation officer. (*See id.*) He also committed the January 4, 2022 federal offense (bank robbery) during this period.[2]

As discussed in more detail below, those state charges (both the alleged probation violations and the additional criminal charges of the fraudulent urine sample, failure to appear, and three controlled substance offenses) were not resolved until *after* he was sentenced in this federal case. Ultimately, on January 6, 2023, the state court revoked his supervised probation and imposed the

---

[1] The court may take judicial notice of Hood's state court proceedings. *See* Fed. R. Evid. 201(b)(2) (permitting a federal court to take judicial notice of certain facts); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239–40 (4th Cir. 1989) (explaining that a federal court may take judicial notice of state court proceedings that directly relate to the issues pending in the federal court). In any event, even if the Major Violation Report, its Addenda, and the Revocation Order were not considered court records, the court grants the government's request to expand the record and considers them, attached to the United States motion to dismiss as Exhibits 1 and 2 (Dkt. Nos. 66-1 and 66-2). *See* Fed. R. Gov. § 2255 Proc. 7.

[2] State charges arising from the same bank robbery, including weapons charges, also were brought against Hood, but they were nolle prossed on January 13, 2022. (*See* Major Violation Addendum, Dkt. No. 55-1, at 9.) Shortly thereafter, the federal criminal complaint was filed against him. (Dkt. No. 1.)

remaining three and five years, respectively, of his previously suspended sentences in Case No. CR17-619-5 and Case No. CR17-618-05, to run concurrently. The court expressly stated that the sentences would run concurrently with new charges brought in the three 2022 cases (for which Hood was later sentenced to twelve months each, to run concurrently), but "consecutively with federal charges." (Dkt. No. 66-2, at 2.) Hood's failure to appear charge was "dismissed by order of *nolle prosequi*." (*Id.*)

**B. Federal Proceedings**

According to the proffer of facts in support of Hood's guilty plea in this court, Hood admitted that, on January 4, 2022, he robbed a bank using a dangerous weapon. During the robbery, he brandished what appeared to be a firearm, but which was later determined to be a BB gun. (Dkt. No. 41.) Pursuant to a written plea agreement, Hood pled guilty on January 24, 2022, to committing bank robbery with a dangerous weapon, a violation of 18 U.S.C. § 2113(a), and the government dismissed Count 2 against him. The parties also agreed, pursuant to a Rule 11(c)(1)(C) plea accepted by the court, to a binding sentencing range of 60 to 108 months.

The court sentenced Hood on November 8, 2022. The court determined that Hood's advisory guideline range was 84 to 105 months, which fell entirely within the binding Rule 11(c)(1)(C) range. (Sent. Tr. 3–4, 8–9, Dkt. No. 63.) The court sentenced him to a term of imprisonment of 105 months, to be followed by a five-year term of supervised release, as well as some financial punishments. (Dkt. Nos. 56, 57.) After sentencing, Hood was returned to state custody to be sentenced on his state probation violation matter and other pending state charges.

The Presentence Investigation Report (PSR), as adopted by the court, notes that there were pending state charges against Hood. (PSR ¶ 37, Dkt. No. 55 ("The defendant has a pending probation violation set for December 2, 2022."); *id.* ¶ 42 (noting that he committed this offense while under a criminal justice sentence in Rockingham County Circuit Court); *id.* ¶¶ 45–47 (listing,

under a separate category titled "Pending Charges," charges pending in state court: 3 counts of selling/distributing a Schedule III drug, a charge of using a fraudulent urine sample, and a failure-to-appear charge).) The fact that he was subject to an anticipated, but not yet imposed, state sentence also was mentioned in the defendant's sentencing memo. (Def.'s Sent. Mem. 10 & n.3, Dkt. No. 54.) The record thus shows that the court was well aware of the pending state charges and the likelihood of a subsequent state sentence that could include a term of imprisonment.

In his § 2255 motion, Hood raised a single ground for relief—that his counsel was ineffective for failing to ask that the court run his federal sentence concurrent to his "state violation sentence of five years." (§ 2255 Mot. 4, Dkt. No. 59.) In his response to the United States' motion, Hood offers additional complaints about his counsel, calling her "completely ineffective throughout the entire proceedings involved with [his] case." (Dkt. No. 68, at 1.)

For example, he asserts that counsel encouraged him to go to trial when he originally "wanted to accept responsibility" for the federal charge. (*Id.*) Because he pled guilty, the court does not see any prejudice to him from this initial advice, so it does not give rise to a valid ineffective-assistance claim. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (requiring prejudice for such a claim). Hood also accuses her of acting more like a "psychiatrist rather than an attorney." Again, though, he does not identify anything specific that she did or failed to do that was ineffective or that used him prejudice. The court therefore does not construe his response as raising any additional § 2255 claims.[3]

---

[3] Hood's response states that when his January 2022 state sentence was announced, the court stated that it should run concurrent with his federal sentence. He claims that, after announcement of the sentence, his court-appointed state public defender and his defense attorney in this case, who was present as an "observer," returned to the courtroom, with his state counsel telling Hood that counsel was "going to clarify something with the judge." (Resp. 1, Dkt. No. 68.) Then, Hood was returned to the courtroom and the court "resentenced" him, making his five years consecutive to his federal time. (*Id.*) He asks whether the first sentence should have been binding and states that neither lawyer was able to clarify how this could happen. (*Id.*) These allegations relate only to his state-court sentence, and this court is not the proper venue in which to raise them. Thus, the court will not address them further.

His response also describes instances of childhood abuse and describes his suicide attempt and poor subsequent treatment (or lack of treatment) while in jail. (*Id.* at 2–3.) Hood does not appear to assert a separate claim based on

4

II.  DISCUSSION

**A.  Section 2255**

Under 28 U.S.C. § 2255, a movant may attack his sentence or conviction on the grounds that it was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack.  28 U.S.C. § 2255(a).  The movant bears the burden of proving grounds for collateral relief by a preponderance of the evidence.  *See United States v. Cook*, Criminal No. 1:11-cr-188, 2019 WL 921448, at *1 (E.D. Va. Feb. 25, 2019) (citing *Vanater v. Boles*, 377 F.2d 898, 900 (4th Cir. 1967)).  In § 2255 proceedings, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."  § 2255(b).  The record in this case conclusively establishes that Hood is not entitled to relief, so the court addresses his motion without an evidentiary hearing.

**B.  Hood's Ineffective Assistance of Counsel Claim Fails.**

Hood's claim is an ineffective assistance of counsel claim.  Criminal defendants have a Sixth Amendment right to effective legal assistance.  *Strickland*, 466 U.S. at 687.  In order to establish a viable ineffective assistance claim, a defendant must satisfy a two-prong analysis: he must show both that counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by counsel's alleged deficient performance.  *Id.* at 687.

---

these factual allegations, but he provides them as background.  (Nor would this § 2255 proceeding be the proper procedural vehicle for any such claim.)  The court was aware of much of this information from the PSR, and defense counsel described in detail the suicide attempt and subsequent events at sentencing.  Hood also expresses remorse for the robbery and its victims, explains some of the conduct underlying his state charges, and explains his efforts at rehabilitation.  (*Id.* at 3–4.)  Because he asks for no additional relief in conjunction with any of these statements, the court does not view them as separate "claims" either.

When considering the deficiency prong of *Strickland*, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689; *Gray v. Branker*, 529 F.3d 220, 228–29 (4th Cir. 2008). Counsel's performance is judged "on the facts of the particular case," and assessed "from counsel's perspective at the time." *Strickland*, 466 U.S. at 689; *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004).

To satisfy the prejudice prong of *Strickland*, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "[I]n the context of counsel's deficient performance at sentencing," prejudice requires "a reasonable probability that the defendant would have been sentenced differently if the error had not occurred." *United States v. Rangel*, 793 F. App'x 170, 173 (4th Cir. 2019) (citing *Sears v. Upton*, 561 U.S. 945, 956 (2010)); *United States v. Rangel*, 781 F.3d 736, 746 (4th Cir. 2015) (stating that prejudice at sentencing requires a reasonable probability of a "more favorable outcome" absent counsel's alleged error). For the reasons explained next, Hood's claim of ineffective assistance of counsel does not satisfy the stringent requirements of *Strickland*.

**1. Hood cannot establish that his counsel was deficient.**

As the United States correctly notes, U.S. Sentencing Guideline § 5G1.3(c) provides that "if a state term of imprisonment is anticipated to result from another offense that is *relevant conduct* to the instant offense of conviction . . . the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment." U.S.S.G. § 5G1.3(c) (emphasis added); *see also United States v. Lynn*, 912 F.3d 212, 217 (4th Cir. 2019) (providing background information about the subsection and rationale behind it).

Notably, the conduct underlying Hood's probation violation state sentence (the only one he says his counsel should have requested be run concurrently) occurred *before* Hood committed the

federal offense of bank robbery. Indeed, his state probation officer sought to revoke his probation almost one year *before* he committed this offense. Similarly, none of the separate pending state charges (or grounds for revoking his probation) were relevant conduct to his offense of conviction (bank robbery). As described above, his probation was subsequently revoked for offenses he committed before the bank robbery, and the separate state charges pending against him, too, were based on other offenses.

To be relevant conduct, those other offenses must have "occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility," and relevant conduct also can also include certain offenses that were "part of the same course of conduct or common scheme of plan as the offense of conviction." U.S.S.G. § 1B1.3(1)–(2). None of his state offenses fall within those definitions, however—they were unrelated, different types of offenses altogether, and they were not part of a "common scheme or plan." Because they were not relevant conduct to this offense, then, Hood was not *entitled* to a concurrent sentence under § 5G1.3(c).[4]

Nonetheless, as the United States acknowledges, the court had the discretion to impose a sentence to run partially or fully concurrent with Hood's anticipated state sentence, pursuant to § 5G1.3(d). (U.S. Mot. Dismiss 12–13.) And counsel did not request that the court do so.

Rather than request a concurrent sentence, counsel chose to argue for a lower federal sentence of 60 months, the lowest possible sentence under the binding range in the plea agreement. In the defendant's sentencing memo, counsel reasoned:

> A sixty-month sentence reflects the seriousness of the offense. A five-year sentence is significant. Mr. Hood has pending matters in Rockingham County Circuit Court. Following sentencing in this

---

[4] Even in cases where the probation violation is imposed because of the federal offense, some courts have held that does not render it "relevant conduct" under § 5G1.3(c) because a revocation or probation is a continued sentence for the *original offense* in the state court. *E.g.*, *United States v. Carlton*, No. 4:15cr31, 2016 WL 9223880, at *4–5 (E.D. Va. Aug. 1, 2016).

7

> Court, Mr. Hood anticipates that he will be returned to RHRJ and that he will be sentenced, and he will serve that state sentence first. Mr. Hood is [sixty-three years old]. If the Court sentences him to sixty months, he will still be close to or more than [seventy years old] upon his release from the Bureau of Prisons. Considering Mr. Hood's circumstances, age, and health, a sixty-month sentence following his state sentence is sufficient to accomplish the sentencing goals of § 3553(a)(2).

(Def.'s Sent. Mem. 10, Dkt. No. 54.)

      The strategic choice of Hood's attorney to ask for a low-end sentence, as opposed to a higher sentence that would be run concurrent to any future state sentence, does not show constitutionally deficient performance. Instead, it is entitled to a presumption of reasonableness. As both the Supreme Court and the Fourth Circuit have recognized, the presumption of reasonableness attached to counsel's conduct is particularly strong with regard to strategic or tactical decisions that require "assessment and balancing of perceived benefits against perceived risks." *United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004); *see also Strickland*, 466 U.S. at 690 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable . . . ."). Here, counsel's strategic choice to argue for a 60-month sentence instead of asking that a sentence be run concurrently is entitled to a presumption of reasonableness, and Hood has not offered anything to overcome that presumption. Also relevant to counsel's choice is the Guideline commentary. At least when subsection (d) is applicable because a state probation already has been revoked, "the Commission recommends that the sentence for the [federal] offense be imposed consecutively to the sentence imposed for the revocation." U.S.S.G. § 5G1.3, comment. (n.4(C)). Given that recommendation, counsel understandably chose to pursue a different strategy.

      Further, because they were noted both in the PSR and discussed by defense counsel in her sentencing memo, the court was aware of the pending probation revocation and the other pending

state charges. Given this awareness, the court could have sua sponte determined that a partially or fully concurrent sentence was appropriate, but it did not. And the court's reasons for the imposed sentence further make clear that it believed Hood's conduct—both in this offense and given his lengthy and serious criminal history—warranted a significant term of imprisonment. (Sent. Tr. 40–43 (court's explanation for choice of sentence); *see also* Dkt. No. 58 (Statement of Reasons).) There is nothing in the record to suggest that, even if counsel had requested a partially or fully concurrent sentence, the court would have granted one. To the contrary, the record reflects that it is extremely unlikely that the court would have granted even a partially concurrent sentence with any anticipated state sentence, had counsel requested one. Thus, counsel's strategic decision not to make that argument was not constitutionally deficient.

### 2. Hood cannot establish *Strickland* prejudice.

Hood also cannot show prejudice. As discussed in the preceding section, any request by counsel to run Hood's federal sentence concurrent or partially concurrent with his anticipated state sentences was very unlikely to be granted by this court. Thus, Hood cannot show a "reasonable probability" that, but for counsel's alleged deficiency, he would have received a different sentence.[5]

\* \* \*

For all of the foregoing reasons, the court will deny Hood's § 2255 motion.

## C. Certificate of Appealability

When issuing a final order adverse to the § 2255 movant, the court must issue or deny a certificate of appealability. *See* Fed. R. Gov. § 2255 Proc. 11(a). A certificate of appealability may issue only if the movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, a petitioner "must demonstrate that jurists of reason would find the

---

[5] Moreover, and as the United States notes, Hood was sentenced for his probation violation *after* his federal sentence was imposed, and, after knowing the length of Hood's sentence, the state court judge expressly ran his probation sentence consecutively to his federal sentence. (*See* U.S. Mot. 15; *see also* Revocation Order, Dkt. No. 66-2.)

district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court declines to issue a certificate of appealability because Hood has not demonstrated that reasonable jurists would debate the court's ruling.

### III.  CONCLUSION

For these reasons, the court will deny Hood's § 2255 motion and deny a certificate of appealability. The court will issue an appropriate order.

Entered: January 30, 2025.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge